UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JAMES CARTER,

                      Petitioner,

          - against -

LEROY FIELDS, Supt.,

                      Respondent.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-5364 (PKC)

PAMELA K. CHEN, United States District Judge:

Pending before the Court is *pro se* Petitioner's "Emergency Motion for Compassionate Relief." (Dkt. 17.) For the reasons set forth below, the Court construes Petitioner's motion as seeking relief under 28 U.S.C. § 2241, and denies it without prejudice for failure to exhaust state remedies or to show why exhaustion of those state remedies would be futile.

## BACKGROUND

Petitioner has a pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, challenging his state-court conviction and sentence. (Dkt. 1.) On July 7, 2020, Petitioner, again proceeding *pro se*, filed an "Emergency Motion for Compassionate Relief," seeking release from the Fishkill Correctional Facility ("Fishkill") because of the risk of contracting COVID-19.[1] (Dkt. 17, at ECF[2] 1.) The following week, Petitioner tested positive for COVID-19, although he remained asymptomatic. (*See* Dkts. 22, 26.) Petitioner was quarantined

---

[1] Petitioner argued that his age (57) and numerous underlying health conditions (including hypertension and diabetes), put him at great risk of life-threatening complications from COVID-19. (Dkt. 17, at ECF 1.) Petitioner also noted that he is incarcerated on a non-violent offense, has already served eight out of ten years of his sentence, and is married and has a home that he shares with his wife available to him upon release. (*Id.* at ECF 1, 3.)

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

for 10 days and then released back into the general prison population at Fishkill. (Dkt. 27, at 6.) On August 6, 2020, the Court held oral argument on Petitioner's motion for compassionate release, after which Petitioner and Respondent both submitted supplemental briefing. (*See* Dkts. 27, 29.)

## DISCUSSION

The Court first considers the appropriate statutory framework for Petitioner's motion for compassionate release.

As an initial matter, the Court rejects Respondent's contention that Petitioner may not bring a *habeas* claim based on conditions of confinement and that he is limited to seeking relief pursuant to 42 U.S.C. § 1983. (*See* Dkt. 24, at 5–8; Dkt. 29 at 2–12.) "While Respondent is correct that 'requests for relief turning on circumstances of confinement *may* be presented in a § 1983 action,' courts in this Circuit have concluded that it is not clear that § 1983 is the *sole* remedy for all claims addressing conditions of confinement."[3]  *Slater v. Keyser*, No. 20-CV-3012 (KPF), 2020 WL 4016759, at *3 (S.D.N.Y. July 16, 2020) (quoting, *inter alia*, *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (emphasis in original)).  Here, the Court finds that because Petitioner seeks release rather than damages, a habeas petition, rather than a § 1983 action, is the appropriate vehicle for his petition. *See id*.

---

[3] The Court rejects, as other courts in this Circuit have, Respondent's argument that the Second Circuit's recent decision in *Kielly v. Fitzpatrick*, No. 20-1496 (2d Cir. Jun. 4, 2020), indicates that conditions of confinement claims may not be addressed via habeas. *See Slater*, 2020 WL 4016759, at *4; *Steward v. Wolcott*, No. 20-CV-6282 (FPG), 2020 WL 3574617, at *2 (W.D.N.Y. July 1, 2020).

The remaining question is whether Petitioner's motion is properly brought[4] under 28 U.S.C. § 2254[5] and/or 28 U.S.C. § 2241.[6] In this case, the Court finds that Petitioner's motion

---

[4] Petitioner's initial motion did not specify a legal or statutory basis for his motion except that the affirmation of service attached to his petition describes his motion as one under Section 2254. (*See* Dkt 17, at ECF 5). His supplemental briefing refers to his motion as being brought under 28 U.S.C. § 2254. (*See* Dkt. 27, at 1.) The Court, however, looks at the nature of the petition, rather than the label, in determining the proper basis. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277–78 (2d Cir. 2003) (construing petition filed under Section 2241 as properly under 2254); *Jones v. Smith*, 720 F.3d 142, 147 (2d Cir. 2013) (noting that habeas petitions labeled under Section 2254 could be properly brought under Section 2241). Moreover, because Petitioner is proceeding *pro se*, his petition is held to less stringent standards than pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[5] Section 2254 provides, *inter alia*, that:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.

[6] Section 2241 provides, *inter alia*, that:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
(c) The writ of habeas corpus shall not extend to a prisoner unless . . .
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States. . . .
(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

should be properly considered under Section 2241.  Whether a petition falls under Section 2241 or 2254 "is not a mere formality" because of the differing standards for exhaustion under each. *Madison v. Wolcott*, No. 20-CV-6267 (FPG), 2020 WL 3100857, at *1 (W.D.N.Y. June 11, 2020). The text of Section 2254 requires a petitioner to pursue his claims to the highest court of the state before seeking relief from a federal court.[7]  *See* 28 U.S.C. § 2254; *Elleby v. Smith*, No. 20-CV-2935 (PAE), 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020) (citing *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994)).  In contrast, Section 2241's exhaustion requirement "is a judicial invention," *McPherson v. Lamont*, ___ F. Supp. 3d ___, 2020 WL 2198279, at *6 (D. Conn. 2020) (citing, *inter alia*, *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)), and may be waived upon a showing of "futility[]; incapability [or] undue prejudice," *Steward*, 2020 WL 3574617, at *3 (alterations and citation omitted).

While the Second Circuit has not yet addressed whether 28 U.S.C. § 2254 or § 2241 is the appropriate mechanism for a petitioner in state custody to seek relief due to COVID-19-related conditions of confinement, *see Harrison v. Wolcott*, No. 20-CV-6270 (FPG), 2020 WL 3000389, at *1 (W.D.N.Y. June 4, 2020), it has noted in dicta that Section 2241 is the appropriate mechanism by which to challenge conditions of confinement.  *See Jones*, 720 F.3d at 147 (describing "habeas petitions that challenge a prisoner's *conditions* of confinement. . . [as] mislabeled as [Section] 2254 or 2255 petitions [and] properly filed under 28 U.S.C. § 2241" (emphasis in original)).  At least one other court in this Circuit has held that these conditions of confinement actions should

---

28 U.S.C § 2241.

[7] Section 2254 provides two narrow exceptions to the exhaustion rule: (1) if "there is an absence of State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i); or (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant," *id.* § 2254(b)(1)(B)(ii)."

4

be brought under Section 2241.[8] *See McPherson*, 2020 WL 2198279, at *5 ("Here, Plaintiffs are challenging the current health conditions of their confinement, which, they claim, have become unconstitutional because of the COVID-19 pandemic risk.  They are not attacking their underlying sentences.  As such, § 2241 is the proper vehicle for their petition."); *see also Pollard v. Terrell*, No. 10-CV-4811 (ARR), 2011 WL 5117590, at *2 (E.D.N.Y. Oct. 24, 2011) ("From the record before the court, petitioner appears to challenge neither the fact nor the duration of his confinement—'core habeas' claims often litigated under 28 U.S.C. § 2254 and § 2255—nor the conditions of his confinement, often litigated under § 2241.").  Given 28 U.S.C. § 2244's bar on successive Section 2254 petitions, and the prohibition on deciding mixed petitions, *see Rose v. Lundy*, 455 U.S. 509, 510 (1982), requiring petitioners to file conditions of confinement claims under Section 2254 could force them to choose between seeking release from potentially deadly prison conditions and pursuing valid constitutional or statutory challenges to their conviction or sentence, an illogical result.[9]  !

---

[8] The Court recognizes that a majority of courts in this Circuit have held otherwise.  *See, e.g.*, *Madison*, 2020 WL 3100857, at *1 ("Section 2241 is not an independent and separate avenue of relief but is to be read in conjunction with the requirements of Section 2254, which are a limitation on the general grant of jurisdiction conferred in Section 2241 that applies to cases involving prisoners subject to state court judgments." (internal quotation marks and citation omitted)); *see also Stewart v. Dep't of Corr.*, No. 20-CV-2136 (JMA), 2020 WL 3415768, at *4 (E.D.N.Y. June 22, 2020); *Harrison*, 2020 WL 3000389, at *1; *Brady v. Wolcott*, Nos. 20-CV-580 (JLS), 19-CV-1280 (JLS) (LGF), 2020 WL 3270378, at *3 (W.D.N.Y. June 17, 2020).

[9] Courts that have held that these petitions should be considered under Section 2254 cite two Second Circuit cases from the early 2000s.  In *James v. Walsh,* 308 F.3d 162, 168 (2d Cir. 2002)*,* the Second Circuit held that a petitioner's claim that the state had incorrectly credited his time served should be brought under Section 2254 rather than 2241.  The Circuit found that a Section 2254 claim that a state prisoner "is 'in custody' in violation of federal laws is broader than a claim that the imposition of one's sentence is illegal. A federal due process challenge claiming state incarceration beyond that authorized by a judgment and sentence would fall within this broader category of claims. . . . [A] state prisoner may challenge either the imposition or the execution of a sentence under Section 2254." *Id.* at 167.  The Circuit also stated in *dicta* that "had Congress intended to make Section 2241 available to state prisoners, it would likely have required, in the interests of comity, that state prisoners challenging the execution of their state-imposed

5

Nevertheless, the Court finds that Petitioner's petition must be denied because of his failure to exhaust. *See Martinez-Brooks v. Easter*, ___F. Supp. 3d ___, 2020 WL 2405350, at *18 (D. Conn. 2020) ("While 28 U.S.C. Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." (quoting *U.S. ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976))). While Petitioner has raised his claims via various administrative channels (*see* Dkt. 17, at ECF 2, 9), he has not filed a petition seeking relief in state court (*see* Dkt. 27 at 1–4). Nor has he demonstrated that exhaustion in state court would be futile, impossible, or subject him to undue prejudice.[10] *See Steward*, 2020

---

sentences first exhaust their remedies in the state courts." *Id.* In *Cook v. New York State Division of Parole*, the petitioner filed a Section 2241 petition claiming that the parole revocation hearing pursuant to which he was serving time had been procedurally flawed, and that the parole board's failure to fix a release date violated his Eighth Amendment rights. 321 F.3d at 277. The Second Circuit, citing *James*, held that "[a] state prisoner . . . not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254. A petition under section 2241 is therefore unavailable to him." *Id*. at 278. Both *James* and *Cook*, however, address the *execution* of a sentence, rather than the conditions of confinement. Both, therefore, are distinguishable from the situation at issue here.

[10] Though Petitioner states that he has faced challenges in assembling his papers given the COVID-19 lockdown and claims that New York state courts "were not open or functioning" (*see* Dkt. 27, at 7), the Court notes that New York courts have remained open to process essential proceedings, including "emergency COVID-19 applications for release," *see Tripathy v. Schneider*, ___ F. Supp. 3d ___, 2020 WL 4043042, at *7 (W.D.N.Y. July 17, 2020) (collecting cases), and further notes that Petitioner was able to file papers in this action. The Court also notes that New York state courts are processing requests for relief from state prisoners, *see Brady*, 2020 WL 3270378, at *6, though the Court is not aware of a case in which they have granted release to a sentenced inmate as opposed to pretrial detainees or individuals held on parole violations. While the Court is not persuaded by Respondent's statement at oral argument that New York courts are addressing COVID-19-related claims expeditiously because the state's intermediate appellate courts started hearing those claims by late July, given the fast pace of the disease and the fact that by early July multiple COVID-19 related fatalities had already occurred in the Fishkill facility, *see* NYSDOCCS, *NYS DOCCS INCARCERATED INDIVIDUALS COVID-19 REPORT BY REPORTED FACILITY AS OF JULY 6, 2020 AT 3:00 PM*, https://doccs.ny.gov/system/files/documents/2020/07/doccs-covid-19-confirmed-by-facility-

6

WL 3574617, at *3. Because Petitioner has failed to exhaust his state court remedies or demonstrate why such exhaustion would be futile, his petition must be denied.[11]

## CONCLUSION

Accordingly, the Court construes Petitioner's "motion for compassionate release" as a petition under 28 U.S.C. § 2241 and denies it without prejudice[12] for failure to exhaust his claims in state court.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 14, 2020
       Brooklyn, New York

---

7.7.2020_0.pdf, Petitioner has not shown that relief is not available to him in state courts or that exhaustion would not be worthwhile, either because of law or policy or unnecessary delay.

[11] Because the Court denies the petition on exhaustion grounds, it does not reach the merits of Petitioner's constitutional claim regarding his conditions of confinement. The Court nonetheless recognizes that between his contraction of the COVID-19 virus and his serious preexisting conditions, Petitioner faces multiple challenges in navigating *pro se* the already daunting warren of administrative, state, and federal procedures governing release.

[12] Because the Court construes the petition as one under Section 2241, it need not stay Petitioner's Section 2254 petition pending exhaustion of this claim, as the instant petition does not implicate the bar on either mixed or successive petitions. If the Court were to construe Petitioner's instant motion as a motion to amend his existing petition under Section 2254, however, the Court would deny the motion, applying the same reasoning, namely, that because Petitioner has not satisfied even the judicially imposed exhaustion requirement of Section 2241, he would not satisfy the more stringent exhaustion requirement of Section 2254. Because the factual predicate of Petitioner's COVID-19-related claim could not have been discovered before Petitioner submitted his original Section 2254, Petitioner could then bring the instant claim as a second habeas petition once he exhausted without implicating 28 U.S.C. § 2244's bar on successive petitions. *See* 28 U.S.C. § 2244(b)(2)(B)(i).